IN THE CIRCUIT COURT OF ALCORN COUNTY, MISSISSIPPI

CATHY BRADDOCK LINDSEY                                               PLAINTIFF

VS.                                                    CAUSE NO. CV10-081FA
                                                              1:10 CV 74-B-D
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY AND CHAD REDDING                                   DEFENDANT

## COMPLAINT

COMES NOW, Plaintiff, by and through counsel, and submits her complaint against the above named defendants and shows the following in support:

1. That Plaintiff is an adult resident citizen of the State of Alabama

2. That Defendant Allstate Property and Casualty Insurance Company is a foreign corporation doing business in the State of Mississippi and may be served with process upon its registered agent CT Corporation System of Mississippi, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3. That Defendant Chad Redding is believed to be an adult citizen of the State of Mississippi and may be served with process at 704 South Cass Street, Corinth, Mississippi.

4. That the above cause of action stems from a homeowner's insurance policy dispute purchased and covered in Alcorn County, Mississippi therefore jurisdiction and venue are proper with this Court.

5. That on or about May 26, 2009, Plaintiff purchased a homeowner's policy (policy number 945127430), for her home located at 221 County Road 218, Corinth, Mississippi, from Chad Redding who is an exclusive agent of Allstate Insurance Company.

6. That in November 2009 Plaintiff reported a claim on her Allstate homeowner's policy as soon she discovered water damage and mold in her home.

FILED
FEB 18 2010
JOE CALDWELL, CIRCUIT CLERK
BY _____

7. That an adjuster visited Plaintiff's home and denied Plaintiff's claim on the spot without providing an explanation.

8. That Plaintiff contacted Allstate's claims office following the verbal denial requesting an explanation for the denial.

9. That Allstate has changed its reason for denial on several occasions, all of which are invalid.

10. That Plaintiff never received a copy of her policy from Allstate or Chad Redding after several requests.

11. That on or about December 27, 2009, Allstate terminated its contract with Plaintiff claiming that Plaintiff had skipped a premium payment in June 2009.

12. That neither Allstate or Chad Redding informed Plaintiff of any problems with her premium payments until Plaintiff filed the subject claim on her policy and hired an attorney for assistance.

13. That Chad Redding breached his duty to the Plaintiff by failing to provide Plaintiff with a copy of her homeowner's policy and failing to inform Plaintiff that she allegedly missed a premium payment in June 2009.

14. That Allstate is in breach of contract by failing to provide coverage to Plaintiff pursuant to her homeowner's policy.

15. That Allstate has no arguable basis for denying Plaintiff's claim therefore their denial is in bad faith.

16. That Plaintiff is entitled to compensation from the Defendants for the cost of repairs to her home, incidental damages, attorneys fees and courts costs.

17. That Plaintiff is entitled to an award of punitive damages from Allstate due to its bad faith denial of this claim.

WHEREFORE, PREMISES CONSIDERED, Plaintiff seeks a judgment from the Defendants for compensatory damages, punitive damages, attorneys fees and court costs all in an amount to be determined by the jury as well as any other relief deemed appropriate and necessary by this Court.

Submitted this the 16 day of February, 2010.

_____
ATTORNEY FOR PLAINTIFF

NED MCDONALD III, MSBN 101,129
MCDONALD LAW FIRM, PLLC
111-D TOWN CREEK DRIVE
SALTILLO, MS 38866
662-869-0011
662-869-0021 fax